```
                IN THE UNITED STATES DISTRICT COURT

                      FOR THE DISTRICT OF OREGON
```

**STATE FARM MUTUAL AUTOMOBILE**                  3:15-CV-00969-JE
**INSURANCE CO.,**
                                                  **ORDER**
        **Plaintiff,**

**v.**

**TRAVELERS PROPERTY CASUALTY**
**COMPANY OF AMERICA,**

        **Defendant.**

**BROWN, Judge.**

    Magistrate Judge John Jelderks issued Findings and Recommendation (#43) on July 26, 2016, in which he recommends the Court grant Plaintiff's Motion (#17) for Partial Summary Judgment, deny Defendant's Cross-Motion (#23) for Summary Judgment, and deny Defendant's Motion to Strike (filed as part of its Reply (#36) in support of its Cross-Motion for Summary Judgment). Defendant filed timely Objections (#46) to the Findings and Recommendation. Defendant objects only to the Magistrate Judge's recommendation that this Court grant

1 - ORDER

Plaintiff's Motion for Partial Summary Judgment.  The matter is now before this Court pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b).

When any party objects to any portion of the Magistrate Judge's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate Judge's report.  28 U.S.C. § 636(b)(1).  *See also Dawson v. Marshall*, 561 F.3d 930, 932 (9th Cir. 2009); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*).

In its Objections (#46) Defendant contends the Court should not grant Plaintiff's Motion for Partial Summary Judgment on the ground that the insurance policies at issue do not insure the same risk, and, therefore, the *Lamb-Weston* doctrine[1] does not apply.  According to Defendant, even if the *Lamb-Weston* doctrine did apply, the allocation of liability would be in proportion to the respective policy limits versus the total combined limits of all applicable policies.  The Magistrate Judge, however, found the policies cover the same risk, and, therefore, the *Lamb-Weston* doctrine applies.  Thus, the "other insurance" clauses are mutually repugnant and must be disregarded.  Based on that finding, the Magistrate Judge also concluded the *pro rata* apportionment of the excess tier liability should reflect the

---

[1] The *Lamb-Weston* doctrine requires the court to disregard "other insurance" policy provisions when the court finds the policies cover the same risk.

2 - ORDER

ratio of each individual insurer's excess policy limits to the total amount of coverage available under all excess policies. The Court agrees.

This Court has carefully considered Defendant's Objections and concludes they do not provide a basis to modify the Findings and Recommendation nor do they raise any new issues that were not before the Magistrate Judge.  The Court also has reviewed the pertinent portions of the record *de novo* and does not find any error in the Magistrate Judge's Findings and Recommendation.

## CONCLUSION

The Court **ADOPTS** Magistrate Judge Jelderks's Findings and Recommendation (#43) and, therefore, **GRANTS** Plaintiff's Motion (#17) for Partial Summary Judgment, **DENIES** Defendant's Motion (#23) for Summary Judgment, and **DENIES** Defendant's Motion to Strike raised in Defendant's Reply.

IT IS SO ORDERED.

DATED this 11th day of October, 2016.

/s/ Anna J. Brown

ANNA J. BROWN
United States District Judge

3 - ORDER